UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Beedemariam Kassaw,**

        Plaintiff,

v.

**Wal-mart Corporation,**[1]

        Defendant.

**DECISION and ORDER**

23-cv-6181-EAW-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff *pro se* Beedemariam Kassaw asks the Court to extend the time for motions to compel. (ECF No. 43, Apr. 29, 2025.) Defendant Walmart Corporation opposes. (ECF No. 45, May 6, 2025.) For the reasons that follow, the Court **DENIES** Plaintiff's motion with prejudice.

## BACKGROUND

Plaintiff Beedemariam Kassaw sued Defendant Walmart Corporation in New York State Supreme Court, Monroe County, alleging that Walmart

- subjected him to a "[d]iscriminatory and retaliatory work environment," (Compl., ECF No. 2-1 ¶¶ 8, 12–15, 17),

- failed to pay him "[w]ages and bonuses," (*id.* ¶¶ 18–21),

---

[1] Walmart points out in its Notice of Removal that it has been incorrectly sued as "Wal-Mart." (Not. of Removal at 1, ECF No. 1, Mar. 29, 2023.)

1

- wrongfully denied him a promotion, (*id.* ¶¶ 22–26),

- and wrongfully terminated him, (*id.* ¶¶ 29–39.)

Kassaw does not specify, but the Court liberally construes his complaint as raising both federal and state law claims. (*See generally* Compl., ECF No. 1-2; *see also* Def.'s Not. of Removal ¶ 6, ECF No. 1.) Defendant removed this case. (Not. of Removal, ECF No. 1, Mar. 29, 2023.) I assume familiarity with the procedural history since Defendant's removal of this case. Further, I note that the parties agreed to rest on letter briefing during a hearing before me on May 14, 2025. I accordingly find that Plaintiff's motion for an extension is fully briefed and ready for my decision.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling order shall not be modified except upon a showing of good cause. *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009). Good cause "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). In other words, the movant must show that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quotation omitted). The party asking for a deadline extension bears the applicable burden: "The burden of showing diligence rests on the moving

party." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (citing *Parker*, 204 F.3d at 340).

For good cause under Rule 16(b)(4), the Court may afford *pro se* litigants some "leniency." *Case v. Clivilles*, No. 12-CV-8122 (TPG), 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)). But this should not completely excuse an unrepresented party from having to show good cause. *See Murrell v. Williams*, No. 6:22-CV-06019 EAW, 2025 WL 833076, at *2 (W.D.N.Y. Feb. 3, 2025) ("While Plaintiff is entitled to additional solicitude from the Court because of his *pro se* status, that status 'does not function as a substitute for an actual showing of good cause.'" (quoting *Morales v. Mackenzie*, No. 5:17-CV-124, 2021 WL 1018614, at *2 (D. Vt. Mar. 17, 2021))). Accordingly, denying such a request from an unrepresented litigant is not inherently an abuse of discretion. *See, e.g., Smith v. New York City Dep't of Education*, 524 Fed. App'x 730, 733 (2d Cir. 2013); *see also Essani v. Earley*, No. 13CV3424JMASIL, 2018 WL 3785109, at *7 (E.D.N.Y. Aug. 9, 2018), *report and recommendation adopted*, No. 13CV3424JMASIL, 2018 WL 4100483 (E.D.N.Y. Aug. 28, 2018); *Case*, 2016 WL 5818577, at *4.

## DISCUSSION

Courts decline to find good cause because of a lack of diligence if the party "knew, or should have known" steps it needed to take "in advance of the deadline sought to be extended." *Smith v. Bradt*, 329 F.R.D.

3

500, 505 (W.D.N.Y. 2019). Under this standard, I find that Plaintiff has failed to show good cause to extend the motion to compel deadline. My scheduling order put Plaintiff on notice that "[t]he Court will deny any extension request that fails to show diligence." (2d Am. Scheduling Order ¶ 7(b), ECF No. 34, Dec. 4, 2024.) Setting aside that Plaintiff may need an extension of the discovery deadline,[2] I fail to see good cause in Plaintiff's request for an extension of the time to file a motion to compel.

Here, I advised Plaintiff that he needed to bring any motion to compel by April 21, 2025. My order was unambiguous in directing Plaintiff to move to compel: "Based on the conference held before the undersigned held on March 26, 2025, the Court will permit Plaintiff *pro se* to

---

[2] Plaintiff may have needed to move to extend discovery deadlines in this case. The weight of authority in this District establishes that when service of new requests is within 30 days of the close of discovery, such requests are untimely and thus not susceptible to a motion to compel. *See, e.g., Cardew v. New York State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523, 527 (W.D.N.Y. 2024) (noting that this Circuit's "weight of authority establishes that when service of new requests is within 30 days of the close of discovery, those requests are untimely"); *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, No. 1:23-CV-05046 (JHR) (SDA), 2024 WL 3305602, at *3 (S.D.N.Y. June 4, 2024) ("Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely."); *Joye v. Psch, Inc.*, No. 14CIV3809ATHBP, 2016 WL 3141659, at *4 (S.D.N.Y. June 3, 2016) (collecting cases); *Pullano v. UBS/Paine Webber, Inc.*, No. 03-CV-6313, 2007 WL 9779148, at *4 (W.D.N.Y. Mar. 21, 2007) ("Finally, plaintiff's motion to compel responses to his First Set of Interrogatories is also denied. Rule 33(b)(3) allows a party thirty days to respond to interrogatories, however, plaintiff's interrogatories were untimely served less than one month prior to the discovery deadline."). To the extent that Plaintiff now asks for discovery "that he had not previously sought," I find that he cannot move to compel such discovery. (Def. Letter at 1, ECF No. 41, Apr. 28, 2025.)

4

move to compel by April 21, 2025, if he believes there is a basis for such a motion." (Text Order, ECF No. 39, Mar. 28, 2025.)

Yet Plaintiff states that he "was led to believe that the opposing counsel would file for [sic] motion to compel and the opposing counsel had been taking the lead." (Letter Mot. at 1, ECF No. 43.) Again, this is not what my earlier order stated. (ECF No. 39.) I was clear with Plaintiff during earlier conferences and in my text order that *Plaintiff* needed to move to compel. I do not find Plaintiff's assertion in this regard credible, in any event, because as Defendant correctly points out, Plaintiff reached out to my Chambers about a template motion to compel suggesting that Plaintiff knew he needed to move to compel or take some action (request an extension, *e.g.*) by April 21. (Email from Beedemariam Kassaw, Plantiff *pro se*, to the Court (Apr. 11, 2025, 8:26 AM) *attached as* Ex. A, ECF No. 46, May 6, 2025.) On this record, I conclude that Plaintiff could have complied with the deadline for motions to compel and thus fails to show diligence. *See Cardew*, 743 F. Supp. 3d at 527 ("Good cause exists where the moving party is unable to comply with a required deadline despite the exercise of due diligence.") Indeed, Plaintiff voluntarily left town to officiate a soccer tournament. (Letter Mot. at 2, ECF No. 43.)

Separately, I find that Plaintiff "had ample time in which to pursue the discovery that [he] now" seeks. *Id.* (quoting *Burlington Coat*

5

*Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985)); *see also Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 793 (S.D.N.Y. 2021), *aff'd sub nom. Rouviere v. Howmedica Osteonics Corp.*, No. 22-3205, 2024 WL 1478577 (2d Cir. Apr. 5, 2024). A party cannot demonstrate diligence where it could have (and should have) requested discovery long ago. On this alternative basis, I likewise find that Plaintiff's motion to compel discovery should be denied.

## CONCLUSION

For these reasons, Plaintiff's letter motion to extend the deadline for motions to compel is **DENIED** with prejudice. Any appeal of this decision and order must be taken pursuant to Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: May 21, 2025
Rochester, NY

      /s/ *Mark W. Pedersen*
      MARK W. PEDERSEN
      United States Magistrate Judge